IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-685 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Raheem Majeed, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a motion to vacate the judgment order under Rule 60(b)(4) or in the alternative under 18 U.S.C. § 3742(A)(1)(2)[1]. ECF No. 569.

Federal Rule of Civil Procedure 60(b)(4) provides that a ground for relief from a final judgment is that the judgment is void. However, "a Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas [application]" and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012) for successive applications. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. July 13, 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). By contrast, a "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (quoting *Gonzalez*, 545 U.S. at 531-32). "[A] motion directly

_____

[1] 18 U.S.C. § 3742(a)(1) and (2) notes that the defendant "may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law or (2) was imposed as a result of an incorrect application of the sentencing guidelines." The time for Defendant to file a notice of appeal for his May 27, 2015 Judgment is long past.

attacking the prisoner's conviction or sentence will usually amount to" a § 2255 motion.  *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

"[D]istrict courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *Winestock*, 340 F.3d at 206.  In this instance, Defendant seeks to avoid the bar against litigation of claims not presented in a prior application by asserting his ineffective assistance of counsel claims under Rule 60(b).  However, nothing in his motion challenges a defect in the habeas proceedings; rather, he challenges effectiveness of representation during proceedings relating to his conviction and sentence.  Defendant's motion is, in actuality, a second or successive motion for relief under 28 U.S.C. § 2255.

Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on June 12, 2015. ECF No. 441.  After full briefing of Defendant's initial § 2255 motion, the court granted the Government's motion to dismiss, and dismissed Defendant's motion.  ECF No.476.

Although not styled as such, Defendant's current motion is a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court.  Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.  As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

2

application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Defendant has not received an order from the Fourth Circuit authorizing filing of a successive § 2255.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive § 2255 motion is jurisdictional. Therefore, Defendant's failure to receive permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

<u>s/ Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 9, 2017

3