IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:11-685 |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Raheem Majeed, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 608. Defendant argues, under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), a sentencing enhancement under 21 U.S.C. § 851 should not have been applied because he could not have received more than one-year imprisonment on his conviction for possession of marijuana in Louisiana. *Id.* at 12. He further argues his sentence would be lower if he was sentenced today, based on the "2013 Holder Memoranda." *Id.* at 13. Defendant contends the District Court erred in calculating his drug weight and in enhancing his sentence for role in the offense. *Id.* at 17-18.

Defendant's motion is, in reality, a successive § 2255 motion. The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether otherwise filed motions are, in reality, second or successive motions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. at 531-32. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . ." *Winestock*, 340 F.3d at 207; *see also United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015).

Defendant filed a prior motion for relief pursuant to § 2255 on June 12, 2015. ECF No. 441. After full briefing, this court granted a motion to dismiss by the Government and dismissed

Defendant's motion. ECF No. 476. Therefore, the instant motion, in which Defendant attacks his sentence, is successive and Defendant has failed to first obtain permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").[1]

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.

Defendant's motion is dismissed as this court is without jurisdiction to consider it.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

[1] Defendant titled his motion as "Second-in-time motion pursuant to 28 U.S.C. § 2255."

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 31, 2019